**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN THE MATTER OF:<br><br>SEARCH AND SEIZURE WARRANTS, APPLICATIONS, PEN REGISTERS, AND NON-DISCLOSURE ORDERS | CASE NO. 2:25-MJ-127<br><br>MAGISTRATE JUDGE DEAVERS |

**MOTION TO UNSEAL WITH REDACTIONS**

The United States of America, by and through undersigned counsel, respectfully requests that the above captioned case be unsealed, as described below.

The undersigned counsel has reviewed the materials filed in this matter consistent with Southern District of Ohio General Order 23-03 (dated August 28, 2023) and submits that the unsealing of certain documents in this case will not disclose the identities of minors, victims, or cooperating individuals. However, the United States asserts that the Application for a Tracking Warrant, Warrant, and Warrant Return contain information that may identify uncharged persons.

Therefore, the United States respectfully requests that:

1. The original Application for a Tracking Warrant (Doc. 1), Warrant (Doc. 2), and Warrant Return, along with all documents filed prior to the motion to unseal with redactions, be permanently sealed.

2. The redacted versions of the Application for a Tracking Warrant, Exhibit A, Warrant, Exhibit B, and Warrant Return, Exhibit C, be filed on the Court's docket.

3. The case be unsealed.

Respectfully submitted,

KELLY A. NORRIS
Acting United States Attorney


*s/Nicole Pakiz*
NICOLE PAKIZ (96242)
Assistant United States Attorney
303 Marconi Blvd., Ste. 200
Columbus, OH 43215
Office: (614) 469-5715

# Exhibit B

**2:25-mj-00127 EPD**

IN THE UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OHIO
IN THE EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE TRACKING OF **NISSAN MAXIMA, Chrome in Color,** LICENSE PLATE NUMBER **TEMPORARY S767961**, VIN # **1N4AA5AP7DC805000** | Case No. _____ <br><br> **Filed Under Seal** |

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION FOR A SEARCH WARRANT

I, **Jacob Heaberlin**, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 3117 to authorize the installation and monitoring of a tracking device on a Chrome NISSAN MAXIMA, bearing license plate number TEMPORARY S767961 and vehicle identification number 1N4AA5AP7DC805000 ("the SUBJECT VEHICLE"). Based on the facts set forth in this affidavit, I believe that the SUBJECT VEHICLE is presently being used in furtherance of 21 United States Code § 841 and § 846 and that there is probable cause to believe that the installation of a tracking device on the SUBJECT VEHICLE and use of the tracking device will lead to evidence, fruits, and instrumentalities of the aforementioned crimes as well as to the identification of individuals who are engaged in the commission of those and related crimes.

2. Your, Affiant, Jacob Heaberlin, is a Detective with the Franklin County Sheriff's Office (FCSO) assigned to the Drug Enforcement Administration (DEA) Columbus District Office (CDO), since September 2021. I have been employed by the FCSO since 2011, during which time I have worked in the Corrections Division, Training Academy, Patrol Bureau and currently the Special Investigations Unit (SIU). I have participated in numerous investigations

while on Patrol and within SIU, with a focus on narcotics possession and distribution. I hold a Bachelor of Science degree from Urbana University (Criminal Justice) and an Ohio Peace Officer Training Academy – Basic Peace Officer certification. Throughout my career I have received the following specialized training to include, Patrol Drug Operations, Criminal Interdiction, Street Drugs Recognition and Identification, Reid Interview and Interrogations, and Human Trafficking.

3. Throughout my involvement in various narcotics investigations, I have become familiar with the ways in which drug trafficking organizations (DTO's) create numerous layers of complexity to thwart detection by law enforcement and insulate the upper levels of the organization. At the "broker" level, this individual typically resides in Mexico, but was likely a resident or has familiarity with cities in which they "control". In this instance, "control" refers to brokering and negotiating narcotics transactions in a specific area or region of the United States. "Brokers" negotiate narcotics transactions with local narcotics traffickers using various forms of electronic communication, to include social media platforms and end to end encrypted messaging services. When the terms of the transaction are agreed upon by both parties, the "broker" will dispatch a "courier" to the location specified by the local narcotics trafficker. Mostly, there is little, to no communication between the "courier" and the local narcotics trafficker. This is done to create a level sophistication to the organization, so even if law enforcement action is taken against the local narcotics trafficker, the courier will remain insulated and harder to identify. This organizational structure allows the "courier" to be easily replaced; should the "courier" be arrested by law enforcement, the drug trafficking operation will continue with little, if any disruption. "Brokers" often reside in Mexico and have little concern for American law enforcement intervention.

4. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## PROBABLE CAUSE

5. In December 2024, the Franklin County Sheriff's Office (FCSO) Special Investigations Unit (SIU) started an investigation into a known narcotics broker who is believed to reside in Tepic, Nayarit, Mexico (Drug Broker). The Broker uses a known telephone number to communicate with individuals located in Columbus, Ohio.

6. During the investigation, investigators identified telephone number 1-6149752465 (TT1) as a high frequency contact of the Drug Broker. Through deconfliction with other law enforcement officers, investigators learned that TT1 was involved in numerous narcotics trafficking cases and the device was possessed by Jose Aguilar Munoz. Investigators also identified a social media profile utilized by Munoz and subsequently sought a court ordered pen register/trap and trace (PEN) for that social media account.

7. While reviewing the PEN data, investigators identified frequent communications between Munoz and the social media account of ███████. Investigators conducted a search of ███████ through various law enforcement databases and located multiple charges related to trafficking in drugs and possession of drugs. In February 2025, investigators identified telephone number 1 ███████ (TT2) as being used by ███████. Through a subsequent search warrant authorizing PING location data on TT2, investigators received data placing TT2 around ███████ (Target Location 1), which is the known address of ███████. FCSO SIU Detectives also observed that TT2 ping data was frequently staying

3

overnight around ▮▮▮▮▮ (Target Location 2), the suspected residence of ▮▮▮ girlfriend.

8. In short, the investigation has indicated that TT2 is ▮▮▮ phone, and that ▮▮▮ frequents Target Locations 1 and 2.

9. On February 26, 2025, investigators conducted a search warrant at the residence of Munoz and arrested Munoz on outstanding trafficking in drugs warrants and seized two cellular devices. Law enforcement lawfully reviewed ▮▮▮ phone.  A review of messages sent between Munoz and ▮▮▮ on January 19, 2025, showed that ▮▮▮ is a drug dealer. For example, Munoz and ▮▮▮ were discussing a narcotics transaction for cocaine and nine (9) ounces of fentanyl. To complete the transaction, ▮▮▮ directed Munoz to the address of "666 East 4th," which is near Target Location 1. As recently as February 23, 2025, ▮▮▮ and Munoz were still in communication regarding narcotics trafficking. The investigation has demonstrated that, on that date, ▮▮▮ asked Munoz if he could provide him ▮▮▮ nine ounces to sell; however, Munoz refused.

10. On January 21, 2025, FCSO SIU Detectives conducted spot check surveillance of the Target Location 1 and observed the SUBJECT VEHICLE parked in the rear of the residence. As noted above, the investigation has indicated that TT2 is ▮▮▮ phone number. Upon receiving ping data associated with TT2, Detectives observed that TT2 and the SUBJECT VEHICLE were both at Target Location 1 (▮▮▮ address) and then both at Target Location 2 (believed to be the address of ▮▮▮ girlfriend). On January 23, 2025, ▮▮▮ posted a photograph to his social media account of himself with the SUBJECT VEHICLE in the background. On March 5, 2025, FCSO SIU Detectives received ping data for TT2 near Target Location 2. While conducting surveillance of Target Location 2 on that date, a

4

FCSO SIU Detective observed the girlfriend of ▓▓▓▓ exit the address and depart the area in another vehicle. Moments later, the FCSO SIU Detective observed ▓▓▓▓ exit Target Location 2 and stand on the porch. During this time, the FCSO SIU Detective observed the SUBJECT VEHICLE parked in the driveway of Target Location 2, while simultaneously receiving PING data for TT2 in the same area.

11. On March 10, 2025, FCSO SIU Detectives conducted surveillance at Target Location 1. At approximately 1:37 p.m., ▓▓▓▓ was observed exiting Target Location 1 and entering the SUBJECT VEHICLE. ▓▓▓▓ then departed the area in the SUBJECT VEHICLE.

12. In short, the investigation has produced information to show that ▓▓▓▓ is a drug trafficker, and that the SUBJECT VEHICLE is highly likely to be ▓▓▓▓ vehicle.

13. Your Affiant knows through training and experience that retail level drug traffickers often use automobiles to transport narcotics and bulk currency in furtherance of their narcotics trafficking operation. Furthermore, your Affiant also knows that narcotics traffickers will often utilize vehicles registered to other people to thwart law enforcement efforts to properly identify the narcotics trafficker and create a layer of anonymity.

14. Your Affiant seeks to use the information sought to identify the individuals involved in drug trafficking activities with ▓▓▓▓ to include, narcotics couriers, bulk U.S. currency smugglers, and narcotics suppliers, as well as to identify the precise locations where narcotics transactions by ▓▓▓▓ and others are taking place.

15. Based on the observations of investigators assigned to this investigation, I know that the SUBJECT VEHICLE is presently within the Southern District of Ohio.

5

16. In order to track the movement of the SUBJECT VEHICLE effectively and to decrease the chance of detection, I seek authorization to place a tracking device on the SUBJECT VEHICLE while it is in the Southern District of Ohio. Because ▮▮▮▮▮ sometimes parks the SUBJECT VEHICLE in driveways and on other private property, it may be necessary to enter onto private property and/or move the SUBJECT VEHICLE to effect the installation, repair, replacement, and removal of the tracking device. Investigators believe the vehicle will be parked in or near the driveway of Target Location 1 or Target Location 2. Your Affiant does not seek authority to enter garages for the purposes of installing, removing, or conducting maintenance of the device.

17. To ensure the safety of the executing officer(s) and to avoid premature disclosure of the investigation, it is requested that the court authorize installation, maintenance, and removal of the tracking device during both daytime and nighttime hours.

18. In the event the Court grants this application, there will be periodic monitoring of the tracking device during both daytime and nighttime hours for a period not to exceed 45 days following issuance of the warrant. The tracking device may produce signals from inside private garages or other such locations not open to the public or visual surveillance.

## AUTHORIZATION REQUEST

19. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 3117, that authorizes members of the Drug Enforcement Administration or their authorized representatives, including but not limited to other law enforcement agents and technicians assisting in the above-described investigation, to install a tracking device on the SUBJECT VEHICLE within the Southern District of Ohio within 10 days of the issuance of the proposed warrant, to maintain,

repair, and/or replace the tracking device as necessary, and to remove the tracking device from the SUBJECT VEHICLE after the use of the tracking device has ended; to install, maintain, and remove the tracking device during both daytime and nighttime hours; to surreptitiously enter the Target Location and/or move the SUBJECT VEHICLE to effect the installation, repair, replacement, and removal of the tracking device; and to monitor the tracking device for a period of 45 days following the issuance of the warrant, including when the tracking device is inside private garages and other locations not open to the public or visual surveillance, both within and outside the Southern District of Ohio.

20. In accordance with 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), I further request that the warrant delay notification of the execution of the warrant for 30 days after the end of the authorized period of tracking (including any extensions thereof) because there is reasonable cause to believe that providing immediate notification may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice would seriously jeopardize the ongoing investigation by prematurely revealing its existence and giving suspects an opportunity to flee from prosecution, destroy or tamper with evidence, intimidate potential witnesses, notify confederates, and change patterns of behavior.

Respectfully submitted,

*TFO J. Heaberlin*
Jacob Heaberlin
Task Force Officer
Drug Enforcement Administration

Subscribed and sworn to before me on March 11, 2025

_____
Elizabeth Preston Deavers
UNITED STATES MAGISTRATE JUDGE

# Exhibit B

**2:25-mj-00127 EPD**

Case: 2:25-mj-00127-EPD *SEALED* Doc #: 3 Filed: 07/16/25 Page: 17 of 37 PAGEID #: 10
Case 2:25-cr-00120-EPD-SEALED Doc #: 1 Filed: 07/16/25 Page: 17 of 17 PAGEID #: 124
Pakiz/Shimeall

AO 104 (Rev. 07/16) Tracking Warrant

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

In the Matter of the Tracking of
*(Identify the person, property, or object to be tracked)*

NISSAN MAXIMA, Chrome in Color, LICENSE PLATE NUMBER TEMPORARY S767961, VIN # 1N4AA5AP7DC805000

Case No. 2:25-mj-127

## TRACKING WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government shows there is reason to believe that the person, property, or object described above has been involved in and likely will continue to be involved in the criminal activity identified in the application, and ☑ is located in this district; ☐ is not now located in this district, but will be at execution; ☐ the activity in this district relates to domestic or international terrorism; ☐ other: _____.

I find that the affidavit(s), and any recorded testimony, establish probable cause to believe that *(check the appropriate box)* ☐ using the object ☐ installing and using a tracking device to monitor the location of the person, property, or object will satisfy the purpose set out in Fed. R. Crim. P. 41(c) for issuing a warrant.

☑ I find entry into the following vehicle or onto the following private property to be necessary without approval or knowledge of the owner, custodian, or user of the vehicle or property for installing, maintaining, and removing the tracking device: NISSAN MAXIMA, Chrome in Color, LICENSE PLATE NUMBER TEMPORARY S767961, VIN # 1N4AA5AP7DC805000 and 657 East 4th Avenue, Columbus, Ohio and 4557 Grimsby Road, Columbus, Ohio

**YOU ARE COMMANDED** to execute this warrant and begin use of the object or complete any installation authorized by the warrant by ___March 20, 2025___ *(no later than 10 days from the date this warrant was issued)* and may continue to use the device until ___April 25, 2025___ *(no later than 45 days from the date this warrant was issued)*. The tracking may occur within this district or another district. To install, maintain, or remove the device, you may enter *(check boxes as appropriate)*
☐ into the vehicle described above ☑ onto the private property described above
☐ in the daytime 6:00 a.m. to 10:00 p.m. ☑ at any time in the day or night because good cause has been established.

Within 10 calendar days after the use of the tracking device has ended, the officer executing this warrant must both return it to *(United States Magistrate Judge)* ___SD OH Clerks Office___ and — unless delayed notice is authorized below — serve a copy of the warrant on the person who, or whose property or object, was tracked.

☑ Pursuant to 18 U.S.C. § 3103a(b)(1), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and this warrant prohibits the seizure of any tangible property or any wire or electronic communications (as defined in 18 U.S.C § 2510). I therefore authorize the officer executing this warrant to delay notice to the person who, or whose property or object, will be tracked *(check the appropriate box)*
☑ for ___30___ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: ___March 11, 2025 at 12:49PM___    ___[signature]___
*Judge's signature*

City and state: Columbus, Ohio    Elizabeth Preston Deavers, US Magistrate Judge
*Printed name and title*

AO 104 (Rev. 07/16) Tracking Warrant (Page 2)

Case No.

## Return of Tracking Warrant With Installation

1. Date and time tracking device installed: _____
2. Dates and times tracking device maintained: _____
3. Date and time tracking device removed: _____
4. The tracking device was used from *(date and time)*: _____

   to *(date and time)*: _____.

## Return of Tracking Warrant Without Installation

1. Date warrant executed: _____
2. The tracking information was obtained from *(date and time)*: _____

   to *(date and time)*: _____.

## Certification

I declare under the penalty of perjury that this return is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

# Exhibit C
**2:25-mj-00127 EPD**

Case: 2:25-mj-00127-EPD *SEALED* Doc #: 3 Filed: 07/16/25 Page: 17 of 17 PAGEID #: 10
Case 2:25-mj-00127-EPD *SEALED* Doc #: 1 Filed: 03/11/25 Page: 1 of 1 PAGEID #: 10

AO 104 (Rev. 07/16) Tracking Warrant

Pakiz/Shimeall

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| | |
|---|---|
| In the Matter of the Tracking of *(Identify the person, property, or object to be tracked)* <br><br> NISSAN MAXIMA, Chrome in Color, LICENSE PLATE NUMBER TEMPORARY S767961, VIN # 1N4AA5AP7DC805000 | ) ) ) ) ) ) ) Case No. 2:25-mj-127 |

## TRACKING WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government shows there is reason to believe that the person, property, or object described above has been involved in and likely will continue to be involved in the criminal activity identified in the application, and ☑ is located in this district; ☐ is not now located in this district, but will be at execution; ☐ the activity in this district relates to domestic or international terrorism; ☐ other: _____.

I find that the affidavit(s), and any recorded testimony, establish probable cause to believe that *(check the appropriate box)* ☐ using the object ☐ installing and using a tracking device to monitor the location of the person, property, or object will satisfy the purpose set out in Fed. R. Crim. P. 41(c) for issuing a warrant.

☑ I find entry into the following vehicle or onto the following private property to be necessary without approval or knowledge of the owner, custodian, or user of the vehicle or property for installing, maintaining, and removing the tracking device: NISSAN MAXIMA, Chrome in Color, LICENSE PLATE NUMBER TEMPORARY S767961, VIN # 1N4AA5AP7DC805000 and 657 East 4th Avenue, Columbus, Ohio and 4557 Grimsby Road, Columbus, Ohio

**YOU ARE COMMANDED** to execute this warrant and begin use of the object or complete any installation authorized by the warrant by ____March 20, 2025____ *(no later than 10 days from the date this warrant was issued)* and may continue to use the device until ____April 25, 2025____ *(no later than 45 days from the date this warrant was issued)*. The tracking may occur within this district or another district. To install, maintain, or remove the device, you may enter *(check boxes as appropriate)*
☐ into the vehicle described above ☑ onto the private property described above
☐ in the daytime 6:00 a.m. to 10:00 p.m. ☑ at any time in the day or night because good cause has been established.

Within 10 calendar days after the use of the tracking device has ended, the officer executing this warrant must both return it to *(United States Magistrate Judge)* ____SD OH Clerks Office____ and — unless delayed notice is authorized below — serve a copy of the warrant on the person who, or whose property or object, was tracked.

☑ Pursuant to 18 U.S.C. § 3103a(b)(1), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and this warrant prohibits the seizure of any tangible property or any wire or electronic communications (as defined in 18 U.S.C § 2510). I therefore authorize the officer executing this warrant to delay notice to the person who, or whose property or object, will be tracked *(check the appropriate box)*
☑ for ____30____ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: __March 11, 2025 at 12:49pm__  /s/ Elizabeth Preston Deavers
 *Judge's signature*

City and state: Columbus, Ohio Elizabeth Preston Deavers, US Magistrate Judge
 *Printed name and title*

AO 104 (Rev. 07/16) Tracking Warrant (Page 2)

Case No.

### Return of Tracking Warrant With Installation

1. Date and time tracking device installed: March 18, 2025 0440
2. Dates and times tracking device maintained: period of search warrant
3. Date and time tracking device removed: April 29, 2025 0445
4. The tracking device was used from (date and time): 3/18/2025 0440 to May 1, 2025 0300

   to (date and time): _____.

### Return of Tracking Warrant Without Installation

1. Date warrant executed: _____
2. The tracking information was obtained from (date and time): _____

   to (date and time): _____.

### Certification

I declare under the penalty of perjury that this return is correct and was returned along with the original warrant to the designated judge.

Date: June 17, 2025

*TFO J. Heaberlin*
Executing officer's signature

Jacob Heaberlin, Task Force Officer
Printed name and title